ESTATE OF LESTER L. FLETCHER, DECEASED, THOMAS L. FLETCHER, EXECUTOR, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101174. Promulgated May 7, 1941.

*Joseph D. Peeler, Esq.*, for the petitioner.
*Samuel Taylor, Esq.*, and *Byron M. Coon, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The sole issue for our consideration is whether or not respondent erred in including in decedent's gross estate certain property which petitioner alleges was owned by decedent's wife. The applicable provisions of the statute are section 302 (c) of the Revenue Act of 1926, as amended by section 803 of the Revenue Act of 1932 [1] and section 302 (e) of the Revenue Act of 1926.[2]

---

[1] SEC. 803. FUTURE INTERESTS.

(a) Section 302 (c) of the Revenue Act of 1926, as amended by the Joint Resolution of March 3, 1931, is amended to read as follows:

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation' of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

[2] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

*       *       *       *       *       *

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person:   *   *   *

Petitioner contends that Mrs. Fletcher contributed $1,000 cash and her services to the business of operating the store and that she, by agreement with decedent, became a tenant in common with an undivided one-half interest in all the property held by decedent. Petitioner maintains that when decedent and Mrs. Fletcher went to California and all their property was placed in joint tenancy Mrs. Fletcher's interest as tenant in common formed one-half the consideration for the joint tenancy. Finally, petitioner contends that decedent and Mrs. Fletcher made an oral agreement on May 4, 1937, which effected a partition of the jointly owned property so that at decedent's death Mrs. Fletcher owned, as her separate property, investments valued at $207,249.94.

Respondent argues that petitioner has failed to prove the existence of an oral agreement between decedent and his wife at the time of their marriage and that he has not proved that there was a partition of the joint tenancy properties on May 4, 1937.

Respondent also argues that unless Mrs. Fletcher contributed consideration to the joint tenancy the partition agreement of May 4, 1937, must have caused a transfer in contemplation of death. Therefore, we find it necessary to consider the alleged oral agreement entered into by decedent and his wife shortly after their marriage. Mrs. Fletcher had capacity to enter into a contract with her husband. Ohio Rev. Stat., § 3112 (now Ohio G. C., § 7999).

We have found as a fact that decedent and Mrs. Fletcher agreed that Mrs. Fletcher should have a half share in decedent's business and property and that that agreement continued in effect until the death of decedent. The evidence from which we made that finding is substantial. Mrs. Fletcher testified to the agreement. It was fully corroborated by other testimony. The fact that decedent later placed all the property in joint tenancy, stating that it belonged equally to himself and his wife, indicates that decedent intended to give the oral agreement full effect and recognize its validity. The courts have considered similar evidence and testimony as to oral agreements between husband and wife and have found them sufficient proof of the existence of agreements. *Richardson* v. *Helvering*, 80 Fed. (2d) 548; *Berkowitz* v. *Commissioner*, 108 Fed. (2d) 319. The cases of *Bushman* v. *United States*, 8 Fed. Supp. 694, and *Fox* v. *Rothensies*, 115 Fed. (2d) 42, cited by respondent, are not controlling in the present proceeding, since the courts in those cases held that the evidence was not sufficient to establish a contract implied from the circumstances. In the instant case petitioner has established an express agreement. Mrs. Fletcher's contribution of $1,000 and her services were adequate consideration for the agreement that she should have a one-half interest in the business and property. The proceeds from the sale of the store were invested in Cleveland real estate. Later, after the Fletchers moved to California, everything was placed in

joint tenancy. It seems clear that Mrs. Fletcher's share in the marital property before it was placed in joint tenancy was that of an undivided one-half interest as tenant in common. Thereafter it was that of a joint tenant.

Respondent has taken the position that there was no partition of the property held in joint tenancy by the agreement of May 4, 1937, and that all of the jointly owned property should be included in decedent's estate. We are of the opinion, however, that petitioner has demonstrated that one-half of the consideration for the joint tenancy was furnished by Mrs. Fletcher. The original contribution of $1,000 and Mrs. Fletcher's subsequent services in the store constitute "an adequate and full consideration in money or money's worth." See *Richardson* v. *Helvering, supra.* All subsequent accretions or accumulations related back to the original consideration.

There seems to be no question as to the validity of the oral partition agreement of May 4, 1937. *Richardson* v. *Helvering, supra; Berkowitz* v. *Commissioner, supra; Estate of J. Harold Dollar,* 41 B. T. A. 869; *Lagar* v. *Erickson,* 13 Cal. App. (2d) 365. That agreement caused the inclusion in decedent's estate for estate tax purposes of property of greater value than would have been includible if there had been no partition agreement. Decedent, by virtue of the partition, was enabled to leave property to his son and Mrs. Fletcher agreed to the disposition. Petitioner does not ask us to disturb the inclusion of the total value of the bearer bonds in decedent's gross estate.

We have held that Mrs. Fletcher furnished adequate and full consideration in money or money's worth for one-half of the jointly owned property. It is obvious that decedent did not make a gift of the real estate investments in contemplation of death. Decedent did not give his wife anything by the partition. If there were any gift involved Mrs. Fletcher, who received the smaller share, and not the decedent, would be the donor. The fact that one-half the property still remaining in the joint names of decedent and his wife at decedent's death was erroneously reported on the estate tax return filed for decedent's estate is not controlling. Petitioner has overpaid the tax due. The overpayment will be adjusted under Rule 50.

Petitioner incurred additional expenses in behalf of decedent's estate relative to the deficiency in estate tax here under consideration. Effect will be given to those expenditures upon recomputation.

*Decision will be entered under Rule 50.*